UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
STACY ROMEO, m/n/g/ of Paige Romeo
and CARI DEVAUL CASTILLO m/n/g Derek
DeVaul,                                          MEMORANDUM & ORDER
                                                 09-CV-2253(JS)(WDW)
                    Plaintiffs,

          -against-

SUFFOLK READY MIX LLC, RICHARD M.
VALENTINO, and ESTATE OF PEPPER,

                    Defendants.
--------------------------------------X
APPEARANCES:
For Plaintiffs:        Jonathon M. Goidel, Esq.
                       Goidel & Siegel LLP
                       122 East 42nd Street
                       New York, NY 10168

For Defendants:
Suffolk Ready Mix      Mark J. Hanlon, Esq.
                       Fiedelman & McGaw
                       2 Jericho Plaza, Suite 300
                       Jericho, NY 11753

Valentino              Henri A. Demers, Esq.
                       Ahmuty Demers & McManus
                       200 IU Willets Rd.
                       Albertson, NY 11507

Estate of Pepper       Joanne Filiberti, Esq.
                       Leahey & Johnson, P.C.
                       120 Wall Street
                       New York, NY 10005

SEYBERT, District Judge:

          Plaintiffs, Stacy Romeo and Cari Devaul Castillo,

commenced this action against Defendants, Suffolk Ready Mix, LLC

("SRM"), and Richard M. Valentino ("Valentino"), on May 28,

2009.  Thereafter, SRM and Valentino filed two motions: (1) a

motion to consolidate this case with another case pending in this Court before District Judge Thomas C. Platt, <u>Pepper v. Suffolk Ready Mix, LLC</u>, 09-CV-1818; and (2) a motion seeking permission to file a third party complaint against the Estate of Sheila Pepper. For the reasons that follow, SRM's and Valentino's motion to consolidate is DENIED, and their motion seeking permission to serve and file a third party complaint is GRANTED.

<u>BACKGROUND</u>[1]

This action arose as a result of a motor vehicle accident that occurred at the intersection of Veterans Memorial Highway and Old Hauppauge Road, Town of Smithtown, County of Suffolk, State of New York, on July 11, 2008. Vehicle 1, a cement truck, owned by SRM and operated by Valentino was traveling in the extreme right-hand lane of Veterans Highway. Vehicle 2, was operated and owned by Sheila Pepper. Paige Romeo and Derek DeVaul were passengers in Vehicle 2. (Compl. ¶¶ 10-14.) At or near the intersection of Old Hauppauge Road and Veterans Highway, Vehicles 1 and 2 collided. Paige Romeo and Derek DeVaul sustained serious injuries in the collision. Approximately two months later, Sheila Pepper died as a result of the injuries she sustained in the collision.

---

[1] For purposes of this Order, all facts are taken from Plaintiffs' Complaint and are presumed to be true.

On May 1, 2009, Steven Pepper, as Administrator of the Estate of Sheila Pepper, commenced an action against SRM and Valentino (09-CV-1818) ("Earlier-Filed Case"). Thereafter, on May 28, 2009, Plaintiffs, as natural guardians of their respective children, commenced this action ("Later-Filed Case"). Subsequently, SRM and Valentino moved to consolidate the cases and sought permission to file a third party complaint.

DISCUSSION

## I.   Consolidation

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Moreover, a "district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) sua sponte." Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999).

"Consolidation is appropriate in order to serve the interests of 'judicial economy.'" Jacobs v. Castillo, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) (citing Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990)). "Rule 42(a) of the

Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." <u>Johnson</u>, 899 F.2d at 1284. Cases may be consolidated even where, as here, certain defendants are named in only some of the Complaints. <u>See</u> <u>Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v.</u> <u>LaBranche & Co., Inc.</u>, 229 F.R.D. 395, 402 (S.D.N.Y. 2004). The paramount concern, however, is whether savings of expense and gains of efficiency can be accomplished without sacrificing justice. <u>Johnson</u>, 899 F.2d at 1285.

Here, although both cases deal with the same facts, the Earlier-Filed Case has nearly completed discovery. Thus, consolidating these cases would not serve consolidation's primary purpose: savings of expense and gains of efficiency. In fact, consolidation here would likely result in significant inefficiencies, because the Later-Filed Case has not progressed significantly in discovery. Accordingly, the Court DENIES SRM's and Valentino's motion to consolidate.

II. <u>Third Party Complaint</u>

A party's right to serve a third party complaint is governed by Rule 14 of the Federal Rules of Civil Procedure. Rule 14 states, in relevant part:

> (a) WHEN A DEFENDING PARTY MAY BRING IN A
> THIRD PARTY.

> (1) Timing of the Summons and Complaint. A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.

FED. R. CIV. P. 14(a).

Taking all of the allegations in SRM's and Valentino's application to be true, it appears that the Third Party Defendant Estate of Sheila Pepper falls squarely within Rule 14's meaning of nonparties who are or may be liable to SRM and Valentino for all or part of the claims against them. Accordingly, SRM's and Valentino's motion seeking permission to file and serve a third party complaint is GRANTED.

## CONCLUSION

For the foregoing reasons, SRM's and Valentino's motion to consolidate is DENIED, and their motion seeking permission to serve and file a third party complaint is GRANTED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    September 30, 2010
          Central Islip, New York